■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHESTER THOMPSON, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the former County Court, Kings County, dated June 13, 1961, as amended or resettled by order dated August 4, 1961, which denied, after a hearing, his application to vacate a judgment of said court rendered February 17, 1949 on his plea of guilty, convicting him of manslaughter in the second degree, and imposing sentence. Order of August 4, 1961 affirmed. No opinion. Appeal from the order of June 13, 1961, dismissed; such order was superseded by the later order. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

THIRD DEPARTMENT, FEBRUARY, 1963

(February 7, 1963)

■ In the Matter of the Claim of PEARL SULLIVAN, Respondent, v. TRIPLE "D" FARM et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The award was warranted by medical opinion that the coronary occlusion resulting in death was caused by the arduous work of cutting trees in very cold weather by use of a power saw weighing about 50 pounds, which decedent carried from tree to tree and then lifted and applied with pressure to each tree to be cut, the effort producing a coronary thrombosis at that time and the occlusive process continuing until death occurred three days later after continued hard labor daily upon the employer's farm, in the course of such manifold activities as the handling of pails of milk weighing from 25 to 35 pounds each, often required to be lifted chest high and emptied, and of cans of milk weighing about 100 pounds each, as well as labor with hoe and pitchfork and that of pushing a laden grain cart weighing about 300 pounds. The case presented only factual issues which the board was entirely justified in resolving as it did. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.